IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| COREY SCOTT, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| TALANTBEK MAMBETKAZIEV, | § | JURY TRIAL DEMANDED |
| | § | |
| *Defendant*. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Corey Scott complaints of Talantbek Mambetkaziev and would respectfully show as follows:

**I.**
**JURISDICTION AND VENUE**

1. The claims asserted arise under the common law of Texas.

2. This is a complaint for damages arising from personal injury.

3. This Court has jurisdiction and venue is proper because the events giving rise to Plaintiff's causes of action occurred in the District and there exists complete diversity of the parties.

4. Plaintiff seeks recovery of damages within the jurisdictional limits of this Court.

**II.**
**PARTIES**

5. Plaintiff is a resident of Texas.

6. Defendant Talantbek Mambetkaziev ("Mambetkaziev") is a resident of New York and may be personally served at his residence, 481 Hylan, #12, Staten Island, NY 10305, or wherever he may be found.

## III.
## FACTS

7. On or about December 1, 2023, Plaintiff was operating his vehicle northbound on SH 62, when Defendant Mambetkaziev who was travelling westbound on a private road, failed to yield right of way, pulling out in front of Plaintiff's vehicle, causing the collision. As a result of the incident, Plaintiff suffered severe and lasting physical injury.

## IV.
## CAUSES OF ACTION

A. *Negligence and gross negligence*

8. Defendant is liable to Plaintiff under the theories of negligence and gross negligence. Plaintiff sustained injuries because of Defendant's negligence and gross negligence when Defendant:

   a. Failed to drive in a reasonably safe manner;

   b. Failed to maintain a safe distance;

   c. Failed to keep a proper lookout;

   d. Failed to yield the right of way;

   e. Failed to enter the roadway only when safe to do so;

   f. Failed to obey a traffic control device;

   g. Failed to maintain a reasonable awareness of the surroundings;

   h. Violated applicable local, state, and federal laws and/or regulations; and

   i. Other acts so deemed negligent and grossly negligent.

9. As a direct and proximate result of Defendants negligence and gross negligence, Plaintiff suffered severe physical injuries. Plaintiff is entitled to recover for his injuries.

## V.
## DAMAGES

10. As a direct and proximate result of the negligence and gross negligence of Defendant, Plaintiff sustained injuries, which resulted in, and proximately caused, physical pain, mental anguish, and other medical problems. Plaintiff will show that he has also sustained pain and suffering, physical impairment, mental anguish, disfigurement, and loss of enjoyment of life, and that in all reasonable probability, such pain and suffering, physical impairment, mental anguish, disfigurement, and loss of enjoyment of life will continue indefinitely as a proximate result of Defendant's negligence. Plaintiff has suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and, within reasonable medical probability, will incur in the future pharmaceutical and/or medical expenses in connection with his injuries.

## VI.
## JURY DEMAND

11. Plaintiff hereby demands a trial by jury.

## VII.
## PRAYER

12. For the reasons discussed herein, Plaintiff prays this court cite Defendant to appear and to answer herein and that Plaintiff has judgment taken against Defendant and recover all damages allowed by law, pre-judgment and post judgment interest as allowed by law, punitive damages, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff may show himself justly entitled but not limited to:

- Past and future medical damages;
- Past and future loss of earning capacity;

- Past and future physical pain and suffering and mental anguish;

- Past and future impairment;

- Past and future disfigurement;

- Past and future loss of enjoyment of life;

- Punitive damages;

- Property damages;

- Costs of Court;

- Costs of copies of depositions; and

- Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**PIERCE SKRABANEK, PLLC**

*/s/ Michael E. Pierce*
MICHAEL E. PIERCE
State Bar No. 24039117
KYLE W. CHAPEL
State Bar No. 24116188
24 Greenway Plaza, Suite 500
Houston, Texas 77046
Telephone: (832) 690-7000
Facsimile: (832) 616-5576
Email:   michael@pstriallaw.com
         kyle@pstriallaw.com
         service@psbfirm.com
**ATTORNEYS FOR PLAINTIFF**